IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

COLUMBIA GAS TRANSIMISSION, LLC,

    Plaintiff,

v.                                                                                  CIVIL ACTION NO.   2:16-cv-01223

691.73 ACRES OF LAND MORE OR LESS
IN CLAY AND KANAWHA COUNTIES,
WEST VIRGINIA., et al.,

    Defendants.

MEMORANDUM OPINION & ORDER

Pending before the court is plaintiff Columbia Gas Transmission, LLC's Motion for Partial Summary Judgment Regarding Plaintiff's Substantive Right to Condemn [ECF No. 85].[1] No defendants responded in opposition to the motion. For the reasons herein, the plaintiff's Motion is **GRANTED**.

I.   Background

In its motion, Columbia Gas Transmission, LLC ("Columbia") asks the court to determine that it properly exercised its right to condemn under a Certificate of Convenience and Public Necessity ("Certificate").

---

[1] Defendants QS Coal, Inc., D H M Corporation, a/k/a DHM Corporation, a/k/a D.H.M. Corporation, and JASF Energy, LLC (collectively, "the responding defendants") filed a Stipulation to Entry of Order Granting Columbia's Motion for Partial Summary Judgment Regarding Its Substantive Right to Condemn [ECF No. 88]. While the parties are permitted to stipulate to facts, they may not stipulate to the law. Accordingly, the court must examine the current case as it would an unopposed motion for summary judgment.


On December 30, 2015, the Federal Energy Regulatory Commission ("FERC") issued Columbia a certificate. *See* Certificate [ECF No. 1-8]. In the Certificate, FERC granted Columbia the rights to construct and operate a five-mile pipeline and supporting facilities in Clay and Kanawha Counties, West Virginia. *Id.* After negotiations, Columbia was unable to reach an agreement with the defendant QS Coal to acquire the easements described in the Certificate, prompting Columbia to file this condemnation action. Statement Undisputed Material Facts ¶¶ 12–14 [ECF No. 86]. The responding defendants are the only defendants who contested Columbia's right to condemn; however, they no longer dispute that Columbia has the right to condemn the land specified in the Certificate. Several remaining defendants who did not contest failed to file any response within twenty-one days of service.[2]

## II. Legal Standard

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most

---

[2] Specifically, Queen Shoals Public Service District; County Court of Clay County, West Virginia; Pennzoil-Quaker State Company; South Penn Natural Gas Company f/k/a ClayCo Gas Company; Prince Land Company; Interstate Power Company; and the Unknown Owners ("the non-responding defendants") failed to respond. *Id.* at ¶ 18. The West Virginia Department of Transportation, Hope Gas, Inc., Pierson Lumber Company, Inc., and Appalachian Power Company were all named as defendants originally and were involved in the lawsuit, but they have since been dismissed from the case. *Id.* at ¶¶ 16–17, 20–21.

favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

### III. Discussion

The court must first consider whether Columbia has the substantive right to condemn the land identified in the Certificate. Upon determination of that right, the court must the consider what effect the non-responding defendants' failure to respond to Columbia's properly provided notice has on the proceeding.

### a. Right to Condemn

No party disputes that Columbia has the right to condemn the easements in question. Under the Natural Gas Act, FERC the right to grant certificates of public convenience and necessity to natural gas companies. *See* 15 U.S.C. § 717f(c). The holder of a certificate of public convenience and necessity may exercise the power of eminent domain if it is

> unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines.

15 U.S.C. 717f(h). The filing of litigation is strong evidence that the parties are unable to agree on compensation. *See, e.g.*, *USG Pipeline Co. v. 1.74 Acres*, 1 F. Supp. 2d 816, 822 (E.D. Tenn. 1998) ("[T]he mere existence of this suit is evidence that [a natural gas company] was unable to acquire the [properties] by contract.").

Here, FERC issued Columbia its Certificate, granting Columbia the rights to construct and operate a five-mile pipeline and supporting facilities in Clay and Kanawha Counties, West Virginia. *See* Certificate. Moreover, Columbia brought the present lawsuit when it could not agree on compensation with QS Coal, Inc., providing strong evidence that it was unable to acquire the properties by contract.[3]

---

[3] The responding defendants initially asserted the affirmative defense that Columbia never negotiated with them regarding the property; however, they now seek to stipulate summary judgment. *See, e.g.*, JASF Answer 17. As such, the court will consider the responding defendants' affirmative defense that the parties had been "unable to agree"

Statement Undisputed Material Facts ¶¶ 13–14. Therefore, because FERC granted Columbia its Certificate and Columbia could not agree on compensation with the parties, I **FIND** Columbia has the right to condemn the land identified in the Certificate.

### b. Failure to Respond

Pursuant to Rule 71.1 of the Federal Rules of Civil Procedure, Columbia served a number of other parties who have potential or real interests in the land. *See* Fed. R. Civ. P. 71.1(d). After properly serving parties according to Rule 71.1's requirements, the non-responding defendants failed to respond. Statement Undisputed Material Facts ¶ 18. Because those defendants failed to respond within twenty-one (21) days, they have consented to the taking and the court's authority to fix compensation and waived any objections and defenses. *See* Fed R. Civ. P. 71.1(d)(2)(A)(iv), 71.1(e). Therefore, although those defendants may later participate in any proceeding to determine just compensation, I **FIND** they waived their right to object or assert affirmative defenses that Columbia has no right to condemn the land identified in the Certificate.

### IV. Conclusion

In summary, I **FIND** that Columbia has the right to condemn the land identified in the Certificate and that the non-responding defendants waived their

---

sufficiently to invoke eminent domain waived. *See E. Tenn. Nat. Gas, LLC v. 1.28 Acres in Smyth Cty., Va.*, No. CIV.A. 1:06-CV-00022, 2006 WL 1133874, at *10 (W.D. Va. Apr. 26, 2006) (permitting parties to concede 15 U.S.C. 717f(h)'s requirement that the parties be "unable to agree" prior to the institution of eminent domain proceedings).

right to object to Columbia's right to condemn. Therefore, I **GRANT** Columbia Gas Transmission, LLC's Motion for Partial Summary Judgment Regarding Plaintiff's Substantive Right to Condemn [ECF No. 85]. The issue of just compensation, however, remains to be determined in this case.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:    December 1, 2016

                              JOSEPH R. GOODWIN
                              UNITED STATES DISTRICT JUDGE